UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WAYNE GULARTE, et al.,

           Plaintiffs,

    v.

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,

           Defendant.

Case No.  5:26-cv-01426-PCP

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 8

Wayne and Doris Gularte's property was damaged by flooding between January 17, 2023, and March 23, 2023. They filed claims with their insurer, Wright Flood Insurance, shortly thereafter. Wright covered some of the damage but not all of it and sent plaintiffs an email denying part of the claim on June 18, 2023. On December 30, 2025, plaintiffs filed the instant action in state court against defendant Wright, seeking $12,500 for "structural losses" that "[d]efendant refuses to acknowledge and pay for."[1] Defendant removed the case to federal court and filed a motion to dismiss. For the following reasons, defendant's motion to dismiss is GRANTED.

## LEGAL STANDARD

The Federal Rules require a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the complaint does not do so, the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). Dismissal is required if the plaintiff fails to allege facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[1] For the purposes of defendants' Rule 12(b)(6) motion, the Court assumes the truth of the facts alleged in plaintiffs' complaint.

(2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Materials outside the complaint can be considered on a Rule 12(b)(6) motion if they are incorporated by reference therein or otherwise judicially noticeable. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A [district] court may [ ] consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."). The Court may consider documents which are "not physically attached to the complaint" "if the [ ] 'authenticity ... is not contested' and 'the plaintiff's complaint necessarily relies' on them." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998)).

Because the statute of limitations is generally an affirmative defense rather than an element of the plaintiff's claim, that defense generally cannot be asserted on a Rule 12(b)(6) motion. *A.B. by & Through Turner v. Google LLC*, 737 F. Supp. 3d 869, 877 (N.D. Cal. 2024). "If the running of the statute is apparent on the face of the complaint," however, "the defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the

United States District Court
Northern District of California

assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled" or that the claims were timely. *Id.* Thus, to survive a motion to dismiss, plaintiffs "simply need to plead facts demonstrating a potential factual dispute that could affect whether the defense applies." *Rabin v. Google LLC*, 725 F.Supp.3d 1028, 1031 (N.D. Cal. Mar. 26, 2024). "Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Durnford v. MusclePharm Corp.*, 907 F.3d 595, 604 (9th Cir. 2018).

## ANALYSIS

Wright participates in the United States Government's National Flood Insurance Program (NFIP), which allows it to issue Standard Flood Insurance Policies (SFIPs) on behalf of the federal government. It submits several exhibits along with its motion, including a document confirming coverage of plaintiffs' property under the NFIP, the terms of an SFIP, and a copy of the denial letter sent to plaintiffs. Because plaintiffs' complaint alleges an unlawful denial of their insurance claim, it necessarily relies on the terms of the policy and the insurer's denial letter. *See Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 487 F. Supp. 3d 834, 838 (N.D. Cal. 2020), aff'd, 15 F.4th 885 (9th Cir. 2021). The documents are therefore incorporated by reference and may be considered by the Court for the purpose of the motion to dismiss.

Plaintiffs failed to file an opposition brief. Some courts in this district consider that failure dispositive, while others decline to deem it sufficient ground for dismissal. *Johnson v. Meta Platforms, Inc.*, No. 22-CV-05691-BLF, 2023 WL 5021784, at *3 (N.D. Cal. Aug. 4, 2023). But even if the Court were to conclude that plaintiffs did not waive their right to oppose the motion by failing to file an opposition, they still fail to state a plausible claim to relief. If an insurer denies a claim, SFIP policyholders must file any action within one year of the mailing of the notice of disallowance. *Wagner v. Dir., Fed. Emergency Mgmt. Agency*, 847 F.2d 515, 517 (9th Cir. 1988) (citing 42 U.S.C. § 4072). The record before the Court at this time demonstrates that plaintiffs filed the instant action over a year and a half after their claim was denied. And the complaint includes no allegations from which the Court could conclude that plaintiffs were excused from

United States District Court
Northern District of California

filing their lawsuit within one year of the denial.[2] Their claim is therefore time-barred. Defendant's motion to dismiss is GRANTED. Dismissal is without prejudice and with leave to amend. Any amended complaint must be filed within 35 days of this order.

**IT IS SO ORDERED.**

Dated: June 15, 2026

P. Casey Pitts
United States District Judge

---

[2] Plaintiffs could allege that the statute of limitations was tolled, for example, by showing that the insurance administrator set aside a previous disallowance of a claim, or that there was a genuine issue of fact as to whether their claim was actually denied, or perhaps that their cause of action lies in a separate state law tort subject to a different statute of limitations. *See Wagner v. Dir., Fed. Emergency Mgmt. Agency*, 847 F.2d 515, 521 (9th Cir. 1988); *Riverdale Mills Corp. v. Am. Mod. Home Ins. Co.*, 122 F. Supp. 2d 114, 120 (D. Mass. 2000); *Cohen v. State Farm Fire & Cas.*, 68 F. Supp. 2d 1151, 1158 (C.D. Cal. 1999).

4