United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE GULARTE, et al.,<br>Plaintiffs,<br>v.<br>WRIGHT NATIONAL FLOOD INSURANCE COMPANY,<br>Defendant. | Case No. 5:26-cv-01426-PCP<br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br>Re: Dkt. No. 33 |

Wayne and Doris Gularte's property was damaged by flooding between January 17, 2023, and March 23, 2023. They filed claims with their insurer Wright Flood Insurance shortly thereafter. Wright covered some of the damage but not all of it and sent plaintiffs an email denying the claim in part on June 18, 2023. On December 30, 2025, plaintiffs filed the instant action against Wright in state court, seeking $12,500 for "structural losses" that "[d]efendant refuses to acknowledge and pay for." Wright removed the case to federal court and moved to dismiss on the ground that plaintiffs' lawsuit was untimely. The Court granted the motion with leave to amend.

Plaintiffs thereafter filed an amended complaint alleging that plaintiffs received a written denial of their claim on January 31, 2025.[1] On that basis, plaintiffs argue that their suit was filed within the applicable statute of limitations. Plaintiffs also moved to stay this case pending the completion of mediation. Wright thereafter filed a second motion to dismiss. For the following reasons, Wright's motion is granted.[2]

[1] For the purposes of defendants' Rule 12(b)(6) motion, the Court assumes the truth of the facts alleged in plaintiffs' complaint.

[2] The September 10, 2026, hearing on Wright's motion is vacated, and no appearance by the parties is necessary.

**LEGAL STANDARD**

The Federal Rules require a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the complaint does not do so, the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). Dismissal is required if the plaintiff fails to allege facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Materials outside the complaint can be considered on a Rule 12(b)(6) motion if they are incorporated by reference therein or otherwise judicially noticeable. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A [district] court may [ ] consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."). The Court may consider documents which are "not physically attached to the complaint" "if the [ ] 'authenticity ... is not contested' and 'the plaintiff's complaint necessarily relies' on them." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998)).

Because the statute of limitations is generally an affirmative defense rather than an element of the plaintiff's claim, that defense generally cannot be asserted on a Rule 12(b)(6) motion. *A.B. by & Through Turner v. Google LLC*, 737 F. Supp. 3d 869, 877 (N.D. Cal. 2024). "If the running of the statute is apparent on the face of the complaint," however, "the defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled" or that the claims were timely. *Id.* Thus, to survive a motion to dismiss, plaintiffs "simply need to plead facts demonstrating a potential factual dispute that could affect whether the defense applies." *Rabin v. Google LLC*, 725 F.Supp.3d 1028, 1031 (N.D. Cal. Mar. 26, 2024). "Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Durnford v. MusclePharm Corp.*, 907 F.3d 595, 604 (9th Cir. 2018).

## ANALYSIS

Wright participates in the United States Government's National Flood Insurance Program (NFIP), which allows it to issue Standard Flood Insurance Policies (SFIPs) on behalf of the federal government.[3] If an insurer denies a claim, SFIP policyholders must file an action within one year of the mailing of the notice of disallowance. *Wagner v. Dir., Fed. Emergency Mgmt. Agency*, 847 F.2d 515, 517 (9th Cir. 1988) (citing 42 U.S.C. § 4072). The Court previously held that the June 18, 2023, email constituted a notice of disallowance of the Gulartes's claim. *Gularte v. Wright Nat'l Flood Ins. Co.*, No. 5:26-CV-01426-PCP, 2026 WL 1726334, at *2 (N.D. Cal. June 15, 2026).[4] The Gulartes now allege that the final written denial of their claim was not received until

[3] The Court's previous order provides additional background on both the facts and history of the case. *See Gularte*, 2026 WL 1726334, at *1.

[4] Because plaintiffs' complaint alleges an unlawful denial of their insurance claim, it necessarily relies on the terms of the policy and the insurer's denial letter. *See Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 487 F. Supp. 3d 834, 838 (N.D. Cal. 2020), *aff'd*, 15 F.4th 885 (9th Cir. 2021).

January 31, 2025, and that the statute of limitations was therefore tolled through that date. Wright responds that the lawsuit is still untimely because the 2025 letter did not restart the one-year limitations period. Wright is correct.

Like the Gulartes, the plaintiffs in *Wagner* "brought their actions in district court within one year of [a] second letter, but not of the first." *Id.* at 521. The Ninth Circuit held that "[o]nce [an NFIP insurer] has triggered the statute of limitations by issuing a denial, reconsideration of that denial or responding to further inquiries about the case has no effect on the running of the limitations period." *Id.* The only way the limitations period can be reopened is if the insurance company "expressly and in writing sets aside the previous disallowance of a plaintiff's claim." *Id.* There is nothing in the amended complaint to indicate that Wright did so. Because the record before the Court demonstrates that the instant action was filed a more than a year after the claim was denied, and because the complaint includes no allegations from which the Court could conclude that plaintiffs were excused from filing their lawsuit after the applicable limitations period, their claim is time-barred.

The Gulartes have also filed a motion to stay the action pending mediation that Wright opposes. A court considering a stay weighs "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Whether to grant a stay is a matter entrusted to the discretion of the district court." *Levin v. Caviar, Inc.*, 146 F. Supp. 3d 1146, 1156 (N.D. Cal. 2015) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). On balance, the Court does not find that a stay is warranted, as "neither the balance of hardships between the parties, nor the prospect of narrowing the factual and legal issues in the other proceeding, justifies a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). A stay would prejudice Wright, as it has an interest in the expedient resolution of the proceedings. Conversely, the Gulartes have not demonstrated a "clear case of hardship or inequity" that would allow the Court to grant a stay despite the harm to Wright. *Id.* Given that there is also no possibility of success on the merits, the

United States District Court
Northern District of California

Court cannot find that a stay is justified.

Accordingly, Wright's motion to dismiss is GRANTED. Because amendment would be futile, dismissal is with prejudice and without leave to amend.

**IT IS SO ORDERED.**

Dated: September 8, 2026

P. Casey Pitts
United States District Judge